UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUGUSTAR LIFE ASSURANCE
CORPORATION,

Plaintiff,

v.

BRIAN M. PIERCE, et al.,

Defendants.

No. 2:24-cv-02917-DC-CSK

ORDER GRANTING PLAINTIFF'S MOTION
FOR JUDGMENT IN INTERPLEADER

(Doc. No. 27)

This matter is before the court on a motion for judgment in interpleader filed by Plaintiff on April 23, 2025. (Doc. No. 27.) As reflected in Plaintiff's memorandum and the declaration of Plaintiff's counsel filed in support of that motion, Defendants do not oppose Plaintiff's motion, including its request for an award of attorneys' fees in the amount of $14,000 as agreed upon by the parties. (Doc. Nos. 27-1 at 1, n.1; 27-2 at ¶ 8.). Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 28.) For the reasons explained below, Plaintiff's motion will be granted.

## BACKGROUND

Plaintiff AuguStar Life Assurance Corporation ("AuguStar") filed this interpleader action on October 22, 2024 concerning the rights and obligations of two potential beneficiaries—Defendants Brian M. Pierce and Kelli O. Joel—of a $750,000 life insurance policy issued to

1    decedent John A. Pierce ("the Policy"). (Doc. No. 1.) Defendant Joel was named the sole

2    beneficiary at the time the Policy was issued in 2016, though AuguStar received a form from

3    decedent a few months before his death on September 16, 2024 seeking to make his brother

4    Defendant Pierce the sole beneficiary. (*Id.* at 3–4.) Because Defendant Joel challenges the

5    validity of that designation, Plaintiff AuguStar asserts that it "is facing competing claims to the

6    Policy's death proceeds" and "is unable to discharge its admitted liability under the Policy

7    without exposing itself to multiple litigation, liability, or both." (*Id.* at 4.) Thus, Plaintiff

8    AuguStar filed this interpleader action to deposit its admitted liability in the amount of

9    $750,000.00, plus applicable interest, with the court and to obtain an order of judgment, including

10   an injunction prohibiting Defendants from bringing any claims against Plaintiff regarding the

11   Policy proceeds and an award of attorneys' fees. (*Id.* at 4.)

12        On November 19, 2024, the court granted Plaintiff's motion to deposit its admitted

13   liability with the Clerk of the Court, and Plaintiff deposited $753,626.88 on December 6, 2024.

14   (Doc. Nos. 9, 12.)

15        On April 23, 2025, Plaintiff filed the pending motion for judgment in interpleader,

16   specifically requesting that: (i) the court grant judgment in favor of Plaintiff; (ii) enjoin

17   Defendants from bringing any claims against Plaintiff related to the Policy, (iii) dismiss Plaintiff

18   from this action, and (iv) award Plaintiff $14,000 in attorneys' fees actually incurred and agreed

19   upon by the parties, to be deducted from the amount deposited with the court. (Doc. No. 27-1 at

20   8.) As noted above, Defendants do not oppose Plaintiff's motion. Indeed, in the joint status report

21   filed by the parties on July 21, 2025, the parties state that "AuguStar's role in this litigation can

22   be justly and expeditiously resolved by final judgment now" and the granting of Plaintiff's

23   motion "will allow for the Defendants to continue to litigate this matter and for the Court to

24   determine the proper distribution of the Policy's proceeds among the Defendants." (Doc. No. 29

25   at 2, 5.) Further, the parties confirm that "[n]either Defendant opposes AuguStar's motion for

26   dismissal from this case now that the Policy's proceeds have been deposited." (*Id.* at 2.)

27   /////

28   /////

1    **LEGAL STANDARD**

2        The federal interpleader statute provides that

3        district courts shall have original jurisdiction of any civil action of
         interpleader or in the nature of interpleader filed by any person, firm,
4        or corporation . . . having issued a . . . policy of insurance . . . of $500
         or more . . . if (1) Two or more adverse claimants, of diverse
5        citizenship . . . are claiming or may claim to be entitled to . . . any
         one or more of the benefits arising by virtue of any . . . policy . . . ;
6        and if (2) the plaintiff has deposited . . . the amount due under such
         obligation into the registry of the court, . . . .
7

8    28 U.S.C. § 1335(a). "Section 1335 allows a stakeholder to file an interpleader action to protect

9    itself against the problems posed by multiple claimants to a single fund." *Minn. Mut. Life Ins. Co.*

10   *v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999). "In an interpleader action, the 'stakeholder' of a sum

11   of money sues all those who might have claim to the money, deposits the money with the district

12   court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N.*

13   *Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). "Interpleader's primary purpose is not to compensate,

14   but rather to protect stakeholders from multiple liability as well as from the expense of multiple

15   litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

16       "After determining an interpleader action's appropriateness, a court is entitled to

17   discharge a plaintiff-stakeholder who has no interest in the disputed funds." *Great Am. Life Ins.*

18   *Co. v. Brown-Kingston*, No. 2:18-cv-02783-MCE-KJN, 2019 WL 8137717, at *1 (E.D. Cal. May

19   14, 2019). "A court should readily discharge a disinterested stakeholder from further liability

20   absent a stakeholder's bad faith in commencing an interpleader action, potential independent

21   liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *OM Fin.*

22   *Life Ins. Co. v. Helton*, 2:09-cv-1989-WBS, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010).

23       In addition, courts generally "have discretion to award attorney fees to a disinterested

24   stakeholder in an interpleader action." *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th

25   Cir. 1984); *see also Penn-Star Ins. Co. v. Thee Aguila, Inc.*, No. 21-cv-9365-PSG-RAO, 2022

26   WL 17224687, at *5 (C.D. Cal. Mar. 29, 2022), aff'd sub nom. *Penn Star Ins. Co. v. Aguila*, No.

27   22-55664, 2023 WL 7101931 (9th Cir. Oct. 27, 2023) ("At the court's discretion, disinterested

28   stakeholders may be awarded attorneys' fees in an interpleader action for the services of their

3

1    attorneys in interpleading.").

2    **ANALYSIS**

3    Here, the court finds that this interpleader action is appropriate as Plaintiff has satisfied

4    the jurisdictional and statutory requirements. There is diversity of citizenship because Plaintiff is

5    a citizen of Ohio and Defendants are citizens of California and Virginia. (*See* Doc. Nos. 27-1 at 5;

6    1 at 1; 16 at 2.) The amount due under the Policy exceeds $500—indeed, Plaintiff already

7    deposited $753,626.88 in Policy proceeds plus interest into the court's registry. Further, the court

8    finds that Plaintiff is a disinterested stakeholder who brought this action in good faith, given that

9    both Defendants have actual and potential claims to the Policy proceeds, which gives rise to

10   Plaintiff's legitimate fear of double liability and conflicting claims. *See Great Am. Life Ins. Co.*,

11   2019 WL 8137717, at *2 (finding the plaintiff insurance company's interpleader action "proper

12   because it meets the statutory requirement for diversity and there was a fear of potential multiple

13   litigation and claims"); *see also Sun Life Assur. Co. of Canada v. Chan's Est*., No. 03-cv-2205-

14   SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) (finding the plaintiff insurance

15   company "met its burden as a disinterested stakeholder" because it "entered this interpleader

16   action for the sole purpose of determining the proper party to receive the [policy] proceeds,

17   thereby avoiding future claims and litigation").

18   Therefore, the court finds entry of final judgment as to Plaintiff to be appropriate and will

19   grant Plaintiff's motion and discharge Plaintiff from liability, dismiss Plaintiff with prejudice

20   from this action, and enjoin Defendants from bringing claims against Plaintiff related to the

21   Policy. *See Great Am. Life Ins. Co.*, 2019 WL 8137717, at *3; *Sun Life Assur. Co. of Canada*,

22   2003 WL 22227881, at *2 (dismissing the plaintiff "from the present action without further costs

23   or liability to any party and with prejudice" and entering "a permanent injunction preventing

24   future claims against [the plaintiff] for benefits under the life insurance policy at issue in this

25   matter").

26   In addition, the court finds in its discretion that an award of attorneys' fees in the amount

27   of $14,000 is appropriate. *See Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*,

28   234 F.3d 415, 427 (9th Cir.), opinion amended on denial of reh'g, 255 F.3d 661 (9th Cir. 2000)

4

(noting that "attorneys' fee awards to the 'disinterested' interpleader plaintiff are typically modest" and "because the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it"). First, Defendants do not oppose Plaintiff's motion, and indeed, the parties agreed upon the requested amount of $14,000, which is a reduction from the $17,000 in attorneys' fees actually incurred by Plaintiff's counsel in this action. (*See* Doc. No. 27-1 at 7); *see also Nw. Mut. Life Ins. Co. v. Zatkulak*, No. 2:24-cv-01708-CKD, 2024 WL 4769217, at *2 (E.D. Cal. Nov. 13, 2024) (awarding requested amount of attorneys' fees as stipulated by the parties, even though Plaintiff's counsel did not provide declarations or billing statements to substantiate their request). Second, the court notes that $14,000 represents only 1.85 percent of the total deposited funds, and thus there is no risk of depleting the interpleaded funds by awarding $14,000 in attorneys' fees.

Accordingly, the court will grant Plaintiff's request for an award of $14,000 in attorneys' fees.

## CONCLUSION

For the reasons explained above,

1. Plaintiff's motion for entry of interpleader judgment (Doc. No. 27) is GRANTED;

2. Plaintiff is discharged from liability and dismissed from this action with prejudice;

3. Defendants are enjoined from bringing any claims against Plaintiff related to the life insurance policy at issue in this matter;

4. Plaintiff is awarded $14,000.00 in attorneys' fees, to be paid out of the proceeds deposited with the Clerk of the Court;

5. The Clerk of the Court is directed to pay Plaintiff, making the check payable to "AuguStar Life Assurance Corporation" and mailed care of their counsel of record; and

/////

/////

/////

6.    Because Defendants have expressed in the parties' joint status report that they "have agreed to participate in VDRP," (Doc. No. 29 at 5), and given that Defendants are now the only remaining parties in this action, the court will refer this case to the court's Voluntary Dispute Resolution Program by separate order.

IT IS SO ORDERED.

Dated:  **August 18, 2025**

Dena Coggins
United States District Judge

6